IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Todd A. Jones, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00585 |
| v. | : | Judge Frost |
| The Ohio State University, | : | Magistrate Judge Abel |
| Defendant | : | |

## Initial Screening Report and Recommendation

Plaintiff Jones brings this civil rights action under 42 U.S.C. §1983.  Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).  The Magistrate Judge finds that the complaint is barred by *res judicata* and, therefore, recommends dismissal of the complaint.

The complaint alleges that Todd A. Jones was employed by The Ohio State University as a custodial worker between September 30, 2002 and June 13, 2004 when the University unlawfully terminated his employment. Plaintiff Jones presented these same claims to this Court in *Todd A. Jones v. Ohio State University, et a..,* 2:05-cv-137 (S.D. Ohio,

filed February 10, 2005)). On May 29, 2007, the Court granted defendants' motion for summary judgment and dismissed plaintiff's Title VII claims on the merits. It declined to exercise jurisdiction over any state law claims that may have been alleged in the complaint and dismissed those claims without prejudice. Plaintiff appealed. On May 2, 2008, the United States Court of Appeals for the Sixth Circuit affirmed the trial court's judgment.

Jones filed a second suit. *Todd A. Jones v. The Ohio State University, et al.*, 2:07-cv-587 (S.D. Ohio, filed June 19, 2007). On December 17, 2007, the Court dismissed the complaint on initial screening as barred by *res judicata.* The United States Court of Appeals for the Sixth Circuit has consistently held that any claims a litigant could have litigated against a party in a prior law-suit are barred from being raised in a second lawsuit involving the same party.  *Rivers v. Barberton Board of Education,* 143 F.3d 1029, 1032 (6th Cir. 1998); *J.Z.G. Resources, Inc. v. Shelby Insurance Company,* 84 F.3d 211, 214 (6th Cir. 1996); *Os-born v. Ashland County Board of Education,* 979 F.2d 1131, 1133-34 (6th Cir. 1992).

Plaintiff Jones has had a fair opportunity to litigate his claim that defendants have discriminated against him in his employment. He asserts that new evidence supports his claims, but he has already litigated those claims to final judgment. And the Court of Appeals has affirmed the judgment of the district court dismissing those claims. He cannot now relitigate those claims.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it is barred by *res judicata.* Defendants do not have to respond to the

2

complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

                                                s/Mark R. Abel  
                                                United States Magistrate Judge